UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-00505-FDW-DCK

| | |
|---|---|
| DYANIE BERMEO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **ORDER** |
| BLAKE ANDIS; BRAD ROOP; JAMIE BLEVINS; AND SCOTT ADKINS, | ) ) ) ) |
| Defendants. | ) ) ) |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction, (Doc. No. 26), and Plaintiff's Motion for Venue Transfer, (Doc. No. 35). These motions have been fully briefed, (Doc. Nos. 27, 28, 34, 36, 37, 38), and are ripe for ruling. For the reasons set forth below, the Court TRANSFERS venue pursuant to 28 U.S.C. § 1406(a) and DENIES AS MOOT the parties' motions.[1]

A court has the power to consider *sua sponte* whether venue is proper. See Jensen v. Klayman, 115 F. App'x. 634, 635–36 (4th Cir. 2004) (per curiam); In re Carefirst of Md., Inc., 305 F.3d 253, 255-56 (4th Cir. 2002). Pursuant to 28 U.S.C. § 1391, a civil action may be brought in one of the following: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may

---

[1] In light of the ability to *sua sponte* transfer venue even where personal jurisdiction may be lacking, the Court need not resolve Defendant's arguments concerning this Court's lack of personal jurisdiction over them or Plaintiff's alternative argument to transfer this case to a specific division within the Eastern District of Virginia. Since venue is so obviously improper here, the Court declines to address the merits of the parties' arguments and denies the motions without prejudice to reassert any unresolved issues to the transferee court.

1

otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). If an action is filed in the improper venue, the court may dismiss the case, or transfer such case to any district or division in which it could have been brought in the interests of justice. 28 U.S.C. § 1406(a); see also United States v. Espinoza, 641 F.2d 153, 162 (4th Cir. 1981) (noting that the decision of whether to transfer or dismiss a case is committed to the sound discretion of the district court). "Although its language suggests otherwise, section 1406(a) has been interpreted to authorize transfers in cases where venue is proper but personal jurisdiction is lacking or some other impediment exists that would prevent the action from going forward in that district." In re Carefirst of Maryland, Inc., 305 F.3d 253, 255–56 (4th Cir. 2002) (collecting cases). Where "venue is improper by statute, Plaintiff's choice of venue is immaterial to the analysis, and under 28 U.S.C. § 1406(a), if Plaintiff desires to maintain his action, transfer is virtually mandated." Hall v. CVS Pharmacy, No. CV 4:23-1492-JD-TER, 2023 WL 4188145, at *2 (D.S.C. May 31, 2023), report and recommendation adopted, No. 4:23-CV-01492-JD-TER, 2023 WL 4187488 (D.S.C. June 26, 2023).

Here, the Western District of North Carolina is not the proper district for venue under 28 U.S.C. § 1391. Plaintiff's claims against Defendants do not meet any of the criteria under 28 U.S.C. § 1391, as no Defendant resides in this District, and none of the incidents addressed in the Complaint are alleged to have occurred here. Indeed, it appears the only connection to North Carolina here is Plaintiff's current address.

The undersigned concludes the interests of justice weigh in favor of transferring this action to the Western District of Virginia. Plaintiff's allegations center around conduct that occurred in Abingdon, Virginia, which is located in the Western District of Virginia. Furthermore, transferring the case aligns with the ultimate goal of allowing cases to be decided on their substantive merits,

as opposed to being decided on procedural grounds. See Goldlawr v. Heiman, 369 U.S. 463, 466-67 (1962). Because it appears the Western District of Virginia is best suited to resolve this action, this action will be transferred to the Western District of Virginia with the assignment to the appropriate division to be decided by that District.

**IT IS THEREFORE ORDERED** that this matter is transferred to the Western District of Virginia.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (Doc. No. 26), and Plaintiff's Alternative Motion to Transfer Venue, (Doc. No. 35), are DENIED AS MOOT.

**IT IS SO ORDERED.**

Signed: October 24, 2023

Frank D. Whitney
United States District Judge